**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

REBECCA GARRAFA, individually
and on behalf of others similarly
situated,

      Plaintiff,

v.                                Case No: 8:24-cv-1119-MSS-SPF

LOLA RWM INC. and LORAINNE
GONZALEZ,

      Defendants.

---

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Plaintiffs' Renewed Motion for Final Judgment After Default as to Defendants. (Dkt. 16) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's Renewed Motion.

## I.    BACKGROUND

Plaintiff Rebecca Garrafa ("Garrafa"), individually and on behalf of others similarly situated, initiated this action against Defendants Lola RWM Inc. d/b/a Little Owl Learning Academy ("LOLA") and Lorainne Gonzalez ("Gonzalez") (collectively, "Defendants") for the recovery of unpaid overtime wages, liquidated damages, prejudgment interest, and attorneys' fees and costs under the Fair Labor Standards Act (the "FLSA"). (Dkt. 1) In the Amended Complaint, Garrafa alleges LOLA is a Florida for profit corporation doing business in this judicial district. (Dkt.

15 at ¶ 4) Plaintiff also alleges Gonzalez, a Florida resident, is the president of LOLA, and was acting in a supervisory capacity for LOLA. (Id. at ¶ 6)

Garrafa alleges that at all times material to this action, (i) Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1), (ii) Defendants were "employers" as defined by 29 U.S.C. § 203(d), and (iii) Defendants employed Plaintiff as defined by 29 U.S.C. § 203(g). (Id. at ¶ 9) Specifically, Garrafa alleges Defendants are an "Enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. § 203(s)(1)(B) because they are engaged in the operation of a preschool. (Id. at ¶ 8)

As for Gonzalez, Garrafa alleges she hired and fired employees, determined employees' work or conditions of employment, and determined the rate and method of payment and/or maintained employment records. (Id. at ¶ 6) Garrafa further alleges Gonzalez possessed operational control of business activities, was involved in the day-to-day operations, and had direct responsibility for the supervision of Plaintiff. (Id. at ¶¶ 6–7)

Garrafa alleges she began her employment as an Administrative Assistant on or about April 10, 2024. (Id. at ¶ 12) Garrafa alleges she worked 103.45 hours during her first two weeks of work. (Id. at ¶ 14) However, she alleges that her paystub did not reflect overtime for hours worked over forty (40) in a work week. (Id.) As a result, Garrafa alleges that she "texted the manager which hired her to ask about the unpaid overtime and was told they do not pay overtime." (Id. at ¶ 15) Garrafa alleges that she subsequently "texted the owner to inquire about the issue who again confirmed they

2

do not pay overtime." (Id. at ¶ 16) Garrafa alleges that the owner then directed her to "some literature purporting to support the basis for their refusal to pay overtime." (Id. at ¶ 17) Garrafa alleges that when she questioned the applicability of the literature, the owner called her into the office and terminated her employment. (Id. at ¶ 18) According to Garrafa, the owner said to her, "I don't need anyone questioning." (Id.)

Thus, Plaintiff alleges Defendants failed to pay overtime wages as required by the FLSA. (Id. at ¶ 24) Plaintiff further alleges Defendants' conduct was knowing and willful. (Id. at ¶¶ 25–26) Furthermore, Plaintiff alleges that she was terminated from her employment with Defendants in retaliation for her reporting and opposing Defendants' conduct. (Id. at ¶ 31) Lastly, Plaintiff alleges individuals similarly situated were required to and did work a substantial number of hours in excess of forty (40) hours per work week. (Id. at ¶ 37)

On May 20, 2024, Plaintiff filed returns of service that show LOLA and Gonzalez were served with process. (Dkts. 8, 9) To date, neither Defendant has filed an answer or other responsive pleading in this case. Upon Plaintiff's Motion for Clerk's Default, (Dkt. 10), the Clerk entered default against each Defendant. (Dkts. 11, 12) Plaintiff then filed a Motion for Default Judgment, requesting final judgment of default against each Defendant on Plaintiff's FLSA claims. (Dkt. 13) The Court denied the motion without prejudice because Plaintiff's Complaint contained insufficient allegations to establish personal jurisdiction over Gonzalez and insufficient allegations regarding individual or enterprise coverage under the FLSA. (Dkt. 14) Plaintiff then filed an Amended Complaint, (Dkt. 15), and this Renewed Motion. (Dkt. 16) Plaintiff

seeks a judgment against Defendants for unpaid overtime compensation, liquidated damages, back pay, attorneys' fees and costs, and interest. (Id.)

## II.    LEGAL STANDARD & ANALYSIS

Under Federal Rule of Civil Procedure 55, a court may enter a default judgment if it has jurisdiction over the claims and parties and there is a sufficient basis in the pleadings to support the relief sought. Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975);[1] Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015). In defaulting, a defendant admits the plaintiff's well-pleaded allegations of fact. Id. at 1245. But "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . .  a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., 515 F.2d at 1206.

If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages.  See Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543–44 (11th Cir. 1985). Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or the submission of detailed affidavits establishing the necessary facts. See id. at 1544.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

### a. Jurisdiction

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, which confers jurisdiction for civil actions arising under federal law, because Garrafa sues Defendants under the FLSA, a federal statute. As for personal jurisdiction over Defendants, Garrafa alleges Defendant LOLA is a Florida for-profit corporation that does business within this judicial district and Defendant Gonzalez is a Florida resident. (Dkt. 15 at ¶¶ 4, 6) Thus, the Court has personal jurisdiction over Defendants.

### b. Liability

#### i. Count I: Unpaid Overtime

The Amended Complaint's allegations are sufficient to warrant a grant of default judgment in Plaintiff's favor on her unpaid overtime claim. The FLSA prohibits an employee from working more than 40 hours per week unless the employee is compensated at "a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(2). "Any employer who violates [§ 206 or § 207] shall be liable to the employee . . . affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." Id. at § 216(b).

"To trigger liability under the FLSA's overtime and minimum wage provisions, a plaintiff must show: (1) an employee-employer relationship exists between the parties, and (2) [s]he is 'covered' by the FLSA." Cabreja v. SC Maintenance, Inc., No. 19-cv-296, 2019 WL 2931469, at *3 (M.D. Fla. June 19, 2019) (citing Josendis v. Wall

5

to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011)). As to the first element, "[a]n employee is 'any individual employed by an employer,' while an 'employer' includes 'any person acting directly or indirectly in the interest of an employer in relation to an employee . . . .'" Id. (quoting 29 U.S.C. § 203(e)(1) and (d)) (noting an individual is derivatively liable for an employer's FLSA violation if he "(1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment"). As to the second element, a plaintiff may establish she is "covered" by the FLSA by showing one of two types of FLSA coverage: individual coverage or enterprise coverage. Josendis, 662 F.3d at 1298. "[A]n employee may claim 'individual coverage' if [s]he regularly and 'directly participat[es] in the actual movement of persons or things in interstate commerce.'" Id. (quoting Thorne v. Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006)). A plaintiff may claim "enterprise coverage" if the plaintiff's employer is engaged in the operation of a preschool. See 29 U.S.C. § 203(s)(1)(B).

Garrafa alleges an employer-employee relationship existed between herself and Defendants. (Dkt. 15 at ¶ 9) By defaulting, Defendants admit that such a relationship existed. (Id.) Defendants also admit that Plaintiff began her employment as an Administrative Assistant on or about April 10, 2024. (Id. at ¶ 12) These allegations are sufficient to establish an employer-employee relationship between Plaintiff and Defendants. Garrafa's allegations as to FLSA coverage are also sufficient. Plaintiff alleges that Defendants are an "enterprise engaged in commerce or in the production of goods for commerce" pursuant to the FLSA because they are engaged in the

operation of a preschool. (Id. at ¶¶ 5, 8) Thus, Plaintiff has triggered coverage under the FLSA's overtime provision.

To be entitled to relief, Plaintiff must demonstrate that "(1) [she] 'worked overtime without compensation,' and (2) the employer 'knew or should have known of the overtime work." Guevara v. Lafise Corp., 127 F.4th 824, 830 (11th Cir. 2025) (quoting Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1314–15 (11th Cir. 2007)). Plaintiff clearly meets this burden. Garrafa alleges she worked 103.45 hours during her first two weeks of employment, but her paystub did not reflect overtime for hours worked over forty (40) in a work week. (Dkt. 15 at ¶ 14) She further alleges that, when questioned, LOLA's owner and Gonzalez both expressly informed her that they do not pay overtime. (Id. at ¶¶ 15–16) Thus, Plaintiff has established that she worked overtime without compensation and that Defendants knew of the overtime work.

### ii.  Count II: FLSA Retaliation

The FLSA provides that it is "unlawful for any person ... to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter...." 29 U.S.C. § 215(a)(3). A plaintiff establishes a prima facie case of FLSA retaliation by establishing three elements: "(1) she engaged in activity protected under [the] act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342–43 (11th Cir. 2000) (alteration in original, citation omitted). A complaint about FLSA rights "must be sufficiently clear

7

and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection," and this standard can be met "by oral complaints, as well as by written ones." Kasten v. Saint-Gobain Perf. Plastics Corp., 563 U.S. 1, 14 (2011).

Plaintiff alleges that on the morning after she received her paycheck she texted the preschool manager to ask about the unpaid overtime and was told they do not pay overtime. (Dkt. 15 at ¶ 15) Plaintiff alleges that she subsequently texted the owner to inquire about the issue who again confirmed they do not pay overtime. (Id. at ¶ 16) The owner then directed her to "some literature purporting to support the basis for their refusal to pay overtime." (Id. at ¶ 17) Plaintiff alleges that when she questioned the applicability of the literature, the owner called her into the office and terminated her employment. (Id. at ¶ 18) According to Plaintiff, the owner said to her, "I don't need anyone questioning." (Id.)

Defendants have admitted these allegations by virtue of their default. Upon consideration, the Court finds that default judgment on the FLSA retaliation claim is proper, given that Plaintiff engaged in protected activity (complaints about failure to pay overtime), and Defendants, in close temporal proximity, terminated Plaintiff's employment. Moreover, the owner allegedly told Plaintiff that that her employment was terminated because the owner did not "need anyone questioning." See, e.g., Ical v. Neljosh Remodeling, Inc., No. 3:22-cv-23704-MCR-ZCB, 2024 WL 2703757, at *3 (N.D. Fla. Feb. 5, 2024) (plaintiffs established liability for FLSA retaliation where they complained to employer about not being paid and were terminated two days after

8

complaint); Payne v. Sec. & Crime Prevention Serv., Inc., No. 12-22032, 2013 WL 5446466, at *4 (S.D. Fla. Sept. 30, 2013) (finding default judgment on FLSA retaliation claim proper where the plaintiff made oral complaints to the defendants regarding unpaid wages and, as a result, was immediately taken off the work schedule without a legitimate reason and no longer allowed to work). Thus, the Court finds that Plaintiff has established liability on the retaliation claim.

### iii.   Count III: Unpaid Overtime – Collective Action

In Count III of Plaintiff's Amended Complaint, she brings a collective action claim for unpaid overtime wages. Plaintiff's Motion, however, includes no reference to any collective claims, and no plaintiff has opted into this action. Accordingly, the Court finds that Plaintiff has abandoned Count III. See Wright v. Crosscountry Mortg., LLC, No. 2:23-CV-383-JLB-KCD, 2024 WL 706063, at *5 (M.D. Fla. Feb. 21, 2024) ("A plaintiff abandons a cause of action by omitting it from their motion for default judgment."), report and recommendation adopted as modified, 2024 WL 1604111 (Apr. 12, 2024); see also E-Z-Dock, Inc. v. KonaDocks LLC, No. 6:21-CV-2155-ACC-EJK, 2022 WL 8221613, at *1 n.1 (M.D. Fla. Aug. 5, 2022) (finding abandoned claims omitted from default judgment motion), report and recommendation adopted, 2022 WL 3974333 (Sept. 1, 2022).

The Court notes that the FLSA provides in pertinent part that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b); see also Anderson v. Cagle's Inc., 488 F.3d 945, 950 n.3

(11th Cir. 2007) ("Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt in to the action."). Although Plaintiff included a collective action claim in her Amended Complaint, (Dkt. 15 at ¶¶ 35–40), no individuals have "opted in" to this FLSA action. Accordingly, this default judgment does not bar claims of other similarly situated individuals; rather, it only bars future claims by Plaintiff. See also Ical, 2024 WL 2703757, at *1 n.1 ("Plaintiffs styled this case as a collective action but have not pursued conditional certification, and therefore, the Court finds the issue has been waived and will treat the case as brought on behalf of the individual Plaintiffs only.").

### c. Damages

Where, as here, a request for monetary relief is made, the Court may enter judgment without a hearing if Plaintiff's claims against Defendants are for sums certain, or if the sums claimed can by computation be made certain, or if the movants submit sufficient unrebutted evidence to support the request for damages. See S.E.C. v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005); Adolph Coors Co., 777 F.2d at 1544.

#### i. Overtime Wages

Here, Plaintiff has provided sufficient evidence to enable the Court to calculate the amount of damages to which Plaintiff is entitled. Specifically, Plaintiff provided a sworn declaration which contains reasonable approximations of her damages for unpaid overtime compensation. (Dkt. 16-2) Plaintiff declares that she was hired as an

Administrative Assistant at an agreed hourly rate of $15.00 per hour. (Id. at ¶¶ 3–4) She avers that she worked 23.5 hours of overtime during her brief employment. (Id. at ¶ 6) She asserts that she received a check for her standard wages, but no overtime increase for the overtime hours. Accordingly, Plaintiff is entitled to $528.75 in overtime pay (23.5 hours x $22.50 overtime rate).

### ii. Liquidated Damages

By failing to answer the Amended Complaint, Defendants admit that they acted willfully in failing to pay Plaintiff the statutorily required minimum wage. Because Defendants have failed to establish their failure to pay Plaintiff the statutorily required overtime wages was in good faith or that they had reasonable grounds for believing that they were not acting in violation of the FLSA, Plaintiff is entitled to liquidated damages on her overtime wages claim. Morgan v. Fam. Dollar Stores, Inc., 551 F.3d 1233, 1282 (11th Cir. 2008) ("[T]he district court has discretion to reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA.") (quotations and alterations omitted); see also Miller v. Paradise of Port Richey, Inc., 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (noting that "[b]y virtue of its default, [defendant] has admitted a wil[l]ful violation ... and the Court is precluded from finding good faith"). Accordingly, Defendants are liable to Plaintiff for the amount of unpaid overtime wages owed to her, $528.75, as liquidated damages. 29 U.S.C. §§ 216(b), 260.

11

### iii.   Retaliation Damages

An employer who violates the anti-retaliation provision of the FLSA "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) . . . of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); see also Moore v. Appliance Direct, Inc., 708 F.3d 1233, 1240 (11th Cir. 2013) (explaining that § 216(b) "creates a separate, discretionary standard of damages for retaliation claims").

Here, Plaintiff seeks payment only for wages lost from the date of her termination to the start of her new employment.[2] Defendants terminated Plaintiff's employment on April 30, 2024, and she secured new employment on June 28, 2024. (Dkt. 16-2 at ¶¶ 9–10) Plaintiff would thus be entitled to lost wages in the amount of $5,160.00, based on her regularly hourly rate of $15.00 per hour for a period of 43 business days ($15.00 x 8 hours =$120.00 per day; $120.00 x 43 days = $5,160.00). The Court finds this remedy and measure of damages appropriate to effectuate the purposes of 29 U.S.C. § 215(a).

### iv.   Attorney's Fees and Costs

Plaintiff also seeks an award for attorney's fees in the amount of $3,660.00 and costs in the amount of $680.80. The FLSA requires that, in any action brought by an employee to enforce § 207 of the Act, the Court "shall, in addition to any judgment

---

[2] Plaintiff did not seek an additional equal amount as liquidated damages.

12

awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). To calculate an award of attorney's fees under the lodestar method, a court must multiply the reasonable hourly rate by the reasonable hours expended in the litigation. See Blum v. Stenson, 465 U.S. 886, 888 (1984) (citing Hensley v. Eckerhart, 461 U.S. 424 (1983)). A final lodestar amount "embodies a presumptively reasonable fee." Yellow Pages Photos, Inc. v. Ziplocal, LP, 846 F.3d 1159, 1164 (11th Cir. 2017) (citation omitted).

A "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citations omitted). Plaintiff "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." Id. "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.... [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." Id. (internal citations omitted). Moreover, "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. at 1303 (quotation omitted).

Attorney Wolfgang M. Florin requests attorney's fees in the amount of $3,660.00, which reflects 6.1 hours worked at an hourly rate of $600. (Dkt. 16-3) Counsel has been licensed since 1991, is board certified in Labor and Employment

13

Law by the Florida Bar, and primarily limits his practice to the litigation of employment claims. (Id.) However, the Court has routinely found lower hourly rates to be reasonable in these types of cases. See, e.g., Vasquez v. Direct Home Logistics Inc., No. 8:23-cv-1041-WFJ-AAS, 2024 WL 4518560, at *4 (M.D. Fla. Oct. 17, 2024) (finding $400 hourly rate to be reasonable for attorney with similar credentials); Alvarez v. Gregory HVAC LLC, No. 8:19-cv-1826-CEH-JSS, 2022 WL 3101768, at * 6 (M.D. Fla. Aug. 4, 2022) (awarding $400 per hour to counsel in FLSA case with 15 years of experience). Based on this Court's experience and the nature of this case, the Court finds that an appropriate hourly rate would be $400 per hour. Further, after reviewing counsel's time sheet, the Court finds that the amount of time spent on the case is reasonable. Thus, attorney's fees in the amount of $2,440.00 should be awarded ($400 x 6.1).

Finally, Plaintiff seeks $680.80 in costs consisting of $405.00 for the filing fee, $273.30 for serving process, and $2.50 for copies. (Dkt. 16-5) In FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920. See Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988). Filing fees and costs of serving process are permitted by 28 U.S.C. § 1920(1) and copying expenses are permitted by 28 U.S.C. § 1920(2). Plaintiff's costs are recoverable and reasonable.

v.   Interest

Finally, Plaintiff requests interest at the statutory rate. "[A] plaintiff may not recover both liquidated damages and pre-judgment interest under the FLSA." Edenfield v. Crib 4 Life, Inc., No. 6:13-cv-319-Orl-36KRS, 2014 WL 1345389, at *

14

(M.D. Fla. Mar. 10, 2014) (citing <u>Joiner v. City of Macon</u>, 814 F.2d 1537, 1539 (11th Cir. 1987)). However, post-judgment interest is appropriate. 28 U.S.C. § 1961.

### III.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion for Final Judgment After Default as to Defendants, (Dkt. 16), is **GRANTED IN PART and DENIED IN PART**. The Motion is **DENIED** only to the extent that the Court awards $2,440.00 in attorney's fees instead of the requested $3,660.00. The Motion is otherwise **GRANTED**.

2. The Clerk is **DIRECTED** to enter a final default judgment in favor of Plaintiff and against Defendants on Counts I and II of the Amended Complaint in the amount of $9,337.50, which reflects $528.75 in unpaid overtime compensation, $528.75 in liquidated damages, $5,160.00 in lost wages, $2,440.00 in attorney's fees, and $680.80 in costs, with post-judgment interest to accrue at the statutory rate.

3. Count III of the Plaintiff's Amended Complaint is **DISMISSED**.

4. The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of February 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

15

**Copies furnished to:**
Counsel of Record
Any pro se party

16